On May 18, 1979 the court entered the following order:
Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
Defendant’s motion for summary judgment in this tax refund suit is unopposed by plaintiffs, pro se, who evidently rely on their petition as originally filed. Plaintiff Lucretia Z. Duncan, an elementary school teacher who filed a joint income tax return with her husband for 1974, the year in issue, seeks a business expense deduction and concomitant refund for sums spent on a trip to Japan. References to plaintiff hereinafter are to Mrs. Duncan, as her husband is a party to the suit solely because of the joint return. The court concludes the activities in which she engaged during her trip were not substantial enough nor sufficiently related to her employment duties so as to justify the deduction requested. We therefore grant defendant’s motion and dismiss the petition.
The essential facts of the case are not in dispute. In the summer of 1974, plaintiff traveled to and within Japan for 37 days. Plaintiff has been an elementary school teacher since 1950. During the 5 years before her trip she taught gifted sixth grade students in the Long Beach Unified School District in California. Though plaintiff requested assignment to fourth grade teaching, in which Japanese history and culture is taught, plaintiff knew she would be reassigned to the position of Specialist Teacher of Mathematics after her visit. The duties of this position do not involve the history and culture of Japan. Plaintiffs trip to Japan occurred approximately between July 15, 1974, and August 21, 1974. For seven of these days, plaintiff alleges she "visited schools in session and discussed proven methods of teaching mathematics skills” for approximately *673 one and one-half hours per day. At most, plaintiff spent a total of 14 hours during her 37-day trip on activities she claims to be business or trade related. Plaintiff alleges the information gained during these sessions has enhanced her mathematics instruction capabilities. She contends a deduction should have been allowed for her expenses on the trip to Japan because the expenses were directly related to the improvement of her skills as a mathematics specialist. Defendant, citing Treas. Reg. § 1.162-5(d), claims plaintiffs activities did not meet the criteria for deducta-bility set forth by that section.
Before travel expenses may be deducted as trade or business expenses, under section 162(a) of the 1954 Internal Revenue Code, in general terms, a "major portion” of the travel activities must be "of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business.” Treas. Reg. § 1.162-5(d) (1967). With regard to the "major portion” criteria, we note that plaintiff spent, at most, 14 hours of her 37-day travel period in sessions which may have aided her educational role. The remaining time was spent engaged in the diversions of a regular tourist. Further, while the insights plaintiff may have gained from Japanese mathematics instruction methods potentially improved her job performance, we do not think her brief exposure directly maintained or improved skills required in her employment or that such was the purpose of her trip. Based on these factors, it is clear plaintiff was not entitled to deduct the expenses concerned as business or trade expenses under section 162 of the Internal Revenue Code and regulations thereunder. Consequently, the Internal Revenue Service’s disallowance, on March 15, 1978, of plaintiffs $2,400 requested deduction and refund claim of $745 was proper.
it is therefore ordered, upon consideration of the parties’ submissions, and other papers, but without, oral argument, that defendant’s motion for summary judgment is granted, and plaintiffs’ petition is dismissed.